UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY GENE PHILLIPS,

    Plaintiff,

v.

JOHN OR JANE DOE 1, et al.,

    Defendants.

CASE NO. 3:20-CV-5047-RJB-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Gregory Gene Phillips, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint, but grants Plaintiff leave to file an amended pleading by March 11, 2020, to cure the deficiencies identified herein.

## I. BACKGROUND

Plaintiff, a prisoner currently confined by the Idaho Department of Corrections at the Idaho Correctional Complex, alleges Washington State Department of Corrections ("DOC") employees have held him past his release date. Dkt 4 at 15. Plaintiff also alleges Defendant Kuhlman used excessive force against him. *Id*. at 12.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

Except for Plaintiff's excessive force claim, Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

A. *Claim Based Upon Negligence*

Plaintiff asserts a § 1983 claim for violation of his Eighth and Fourteenth Amendment rights, alleging that he was confined past his release date. Dkt. 4 at 6. However, Plaintiff's claim is improperly premised upon the alleged negligence of, or negligent supervision by, the DOC employees he has named as defendants. Dkt. 4 at 7–11.

Negligent conduct by a prison official is insufficient to state a claim under the due process clause of the Fourteenth Amendment. *Daniels v. Williams*, 474 U.S. 327, 331–33 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). Confinement beyond the end of an inmate's sentence gives rise to § 1983 liability under the Eighth Amendment, but only if the inmate's continued detention was the result of "deliberate indifference" by state actors. *See Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir.1985) (en banc); *Barnacascel v. Montana, Dep't of Corr.,* 103 F. App'x 195, 196 9th Cir. 2004) (confinement beyond the end of a prisoner's sentence requires deliberate indifferent by state actors). To establish deliberate indifference, Plaintiff must show defendants actually knew of his condition and risk of harm, yet failed to take reasonable steps to eliminate the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Furthermore, a § 1983 suit cannot be based on a supervisor's vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton*, 489 U.S. 378 at 385–90. A plaintiff must allege the supervisor acted with deliberate indifference "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). A supervisor is only liable for the constitutional violations of his or her subordinates if (1) the supervisor participated

in or directed the violations; or (2) knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

Plaintiff's Complaint alleges negligent conduct only and does not adequately allege deliberate indifference. To state a § 1983 claim for excessive confinement, Plaintiff must amend his Complaint to set forth facts demonstrating Defendants knew of the risk of harm and failed to take reasonable steps to eliminate it. To the extent Plaintiff seeks to hold supervisors liable, he must allege they participated in the violations or knew of them and failed to act to prevent them.[1]

B. *Improper Defendants*

Defendant DOC is not a proper defendant in this case, notwithstanding Plaintiff's limitation of his claims against it to injunctive relief. Furthermore, Plaintiff has not alleged a policy or custom sufficient to maintain an official capacity claim against the DOC Superintendent.

42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. However, for purposes of § 1983, a state is not a "person" and cannot be sued for damages or for injunctive relief. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, an agency like DOC that is an arm of the state is also not a "person" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365

---

[1] Plaintiff appears to rely upon the same factual allegations to assert a state law negligence claim in addition to his § 1983 claim. Dkt. 4 at 3. While the Court does not make a determination on supplemental jurisdiction at this time, Plaintiff is advised a district court's exercise of supplemental jurisdiction over state law claims arising from the same set of operative facts is a matter of discretion; such claims may be subject to dismissal if the federal law claims are eliminated before trial. 28 U.S.C. § 1367(a), (c); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir.1989); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

(1990); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding suit against state Board of Corrections was barred by the Eleventh Amendment).

Finally, Plaintiff also brings claims against the Superintendent of DOC (identified as John or Jane Doe No. 1) in both his or her official and personal capacities. Dkt. 4 at 4. Official-capacity suits filed against state officials are merely an alternative way of pleading an action against the state. *Hafer v. Mello*, 502 U.S. 21, 25 (1991). Such officials are "persons" under section 1983, but only for purposes of prospective injunctive relief, and only if the plaintiff establishes that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *Id*. If Plaintiff wishes to maintain his official capacity claim against John/Jane Doe No. 1, he must identify a "policy or custom" allegedly violating his constitutional rights.

C.  *John and Jane Doe Defendants*

In addition to the named defendants, Plaintiff also identifies several "Jane Does" and "John Does" as defendants in this action. The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process until they are identified by their real names. If Plaintiff chooses to file an amended complaint, he shall attempt to provide the names of Defendants identified as Jane/John Doe.

**III.    Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he

must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint following the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before March 11, 2020, the undersigned will recommend dismissal of all claims other than the claim for excessive force.

1    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

2 civil rights complaint and for service. The Clerk is further directed to send copies of this Order

3 and Pro Se Instruction Sheet to Plaintiff.

4    Dated this 11th day of February, 2020.

*David W. Christel*
United States Magistrate Judge