1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10    GREGORY GENE PHILLIPS,

11                    Plaintiff,              CASE NO. 3:20-CV-5047-RJB-DWC

12          v.                                ORDER TO SHOW CAUSE OR
                                              AMEND
13    TIM SMALLS, et al.,

14                    Defendants.

15          Plaintiff Gregory Gene Phillips, proceeding *pro se* and *in forma pauperis*, filed this civil

16    rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended

17    Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim on all

18    claims other than the claim for excessive force claim, but provides Plaintiff leave to file an

19    amended pleading by May 1, 2020, to cure the deficiencies identified herein.[1]

20
21
22    _____

23          [1] In the Court's February 11, 2020 Order to Show Cause or Amend, the Court concluded Plaintiff stated an
      excessive force claim against Defendant Kuhlman. Dkt. 6. Plaintiff realleged the excessive force claim in the
24    Amended Complaint and the Court finds he has again stated a claim against Defendant Kuhlman. Dkt. 8, pp. 22-24.

I.    **BACKGROUND**

Plaintiff, a prisoner currently confined by the Idaho Department of Corrections at the Idaho Correctional Complex, alleges Washington State Department of Corrections ("DOC") employees held him past his release date. Dkt. 8. Plaintiff also alleges Defendant Phillip Kuhlman used excessive force against him. *Id.* at 22.

II.    **DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's Amended Complaint suffers from deficiencies requiring dismissal of several claims if not corrected in an amended complaint.

A.  *Statute of Limitations*

In his Amended Complaint, Plaintiff alleges he was been unlawfully incarcerated for more than four years past his release date – December 29, 2014. Dkt. 8.

A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in

Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff filed this lawsuit on January 17, 2020. Dkt. 1. Therefore, any claim arising prior to January 17, 2017 is barred by the statute of limitations. In the Amended Complaint (Dkt. 8), Plaintiff alleges, in relevant part, that:

- Defendant Community Corrections Office ("CCO") Brad Phillips acted in deliberate disregard on February 18, 2010;

- Defendant CCO Tim Smalls acted in deliberate disregard in March of 2014 and submitted violation reports against Plaintiff on April 21, 2014;

- Defendant Correction Records Technician Muhammad Nichols acted with deliberate indifference on June 20, 2015; and

- Defendant DOC Executive Secretary, Community Corrections Division, Michelle Johnson acted with deliberate indifference on June 30, 2015.

From the allegations contained in the Amended Complaint, Plaintiff had actual notice of the facts related to the claims against Defendants Phillips, Smalls, Nichols, and Johnson at least four and a half years prior to filing this lawsuit. *See* Dkt. 8; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Plaintiff has not shown statutory or equitable tolling is applicable in this case. *See* Dkt. 8. Therefore, Plaintiff must show cause why the claims against Defendants Phillips, Smalls, Nichols, and Johnson should not be dismissed because the claims are untimely.

B. *Failure to State a Claim*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Confinement beyond the end of an inmate's sentence gives rise to § 1983 liability under the Eighth Amendment, but only if the inmate's continued detention was the result of "deliberate indifference" by state actors. *See Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir.1985) (en banc); *Barnacascel v. Montana, Dep't of Corr.,* 103 F. App'x 195, 196 9th Cir. 2004) (confinement beyond the end of a prisoner's sentence requires deliberate indifferent by state actors). To establish deliberate indifference, Plaintiff must show defendants actually knew of his condition and risk of harm, yet failed to take reasonable steps to eliminate the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, the Amended Complaint contains only sweeping conclusory allegations against Defendants Phillips, Smalls, Nichols, Johnson, Rideaux, Cavanagh, Blatman-Byers, and Pijaszek. *See* Dkt. 8. Plaintiff alleged facts surrounding these eight Defendants and stated these eight Defendants violated Plaintiff's constitutional rights by acting with deliberate disregard or deliberate indifference. *Id*. Plaintiff, however, fails to explain how these eight Defendants' actions violated his constitutional rights. For example, Plaintiff states Defendant Johnson did not respond to Plaintiff's concerns contained in a letter sent to Defendant Nichols. *Id*. at p. 15. But, Plaintiff does not allege Defendant Johnson was aware of Plaintiff's concerns or explain how Defendant Johnson's alleged failure to address his concerns violated his rights. *Id*. at p. 15. Plaintiff also alleges he wrote a letter to Defendants Kathy Cavanagh, Karen Blatman-Byers, and Karla Pijaszek, the hearing appeals panel members. *Id*. at p. 18. Plaintiff contends these three Defendants did not respond to his letter in the manner he wanted, but Plaintiff does not show their response violated his constitutional rights. *Id*. These are just two examples. Plaintiff does not adequately explain how Defendants Phillips, Smalls, Nichols, Johnson, Rideaux, Cavanagh, Blatman-Byers, and Pijaszek's actions or inactions violated his constitutional rights. Therefore, Plaintiff has failed to state a claim

upon which relief can be granted as to Defendants Phillips, Smalls, Nichols, Johnson, Rideaux, Cavanagh, Blatman-Byers, and Pijaszek. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

### III.     Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court:  (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint following the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original or Amended Complaint by reference.  The amended complaint will act as a complete substitute for the original and Amended Complaint, and not as a supplement.  An amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original or Amended Complaint that are not alleged in the

amended complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before May 1, 2020, the undersigned will recommend dismissal of all claims other than the claim for excessive force.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 1st day of April, 2020.

David W. Christel
United States Magistrate Judge