UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY GENE PHILLIPS,

              Plaintiff,

    v.

TIM SMALLS, et al.,

              Defendants.

CASE NO. 3:20-CV-5047-RJB-DWC

ORDER DENYING MOTION TO CERTIFY

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Gregory Gene Phillips' Motion for Certification of Constitutional Challenge to a State Statute ("Motion to Certify"). Dkt. 22.

After reviewing the relevant record, the Court concludes Plaintiff's request for certification to the state attorney general under 28 U.S.C. § 2403 is not applicable to this case. Therefore, the Motion to Certify (Dkt. 22) is denied.

## I.     Background

Plaintiff, a prisoner currently confined by the Idaho Department of Corrections at the Idaho Correctional Complex, alleges Washington State Department of Corrections employees held him past his release date. Dkt. 8. Plaintiff also alleges Defendant Phillip Kuhlman used excessive force against him. *Id.* at 22.

On July 13, 2020, Plaintiff filed the Motion to Certify. Dkt. 22. Defendants filed a Response to the Motion to Certify on July 27, 2020. Dkt. 28. Plaintiff did not file a reply.

## II.     Discussion

In the Motion to Certify, Plaintiff requests the Court, under 28 U.S.C. § 2403, certify to the Attorney General for the State of Washington that this case challenges the constitutionality of a state statute. Dkt. 22. Defendant asserts certification is not appropriate because Plaintiff has not challenged the constitutionality of a state statute in his Second Amended Complaint and certification is unnecessary as the Attorney General's Office for the State of Washington has appeared in this case. Dkt. 28.

Pursuant to 28 U.S.C. § 2403(b),

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b); *see also* Fed. R. Civ. P. 5.1 (notice requirements when a asserting a constitutional challenge to a statute).

Here, the plain language of § 2403(b) states it is applicable to any action in this Court to which a state agency, officer, or employee is **not** a party. Plaintiff has named several Washington

1   State employees as defendants in this action and the Attorney General's Office for the State of

2   Washington has entered an appearance on behalf of the named Defendants. Furthermore,

3   Plaintiff does not call into question the constitutional validity of a state statute in his Second

4   Amended Complaint. *See* Dkt. 11. Rather, Plaintiff alleges Defendants violated his federal and

5   state constitutional rights. *Id.* As the Second Amended Complaint does not question the

6   "constitutionality of any statute of [the] State affecting the public interest," certification of such

7   fact to the Attorney General for the State of Washington is not warranted. For these reasons,

8   §2403(b) is not applicable in this case. *See DeBose v. Brown*, 2013 WL 5402234, at *1 (N.D.

9   Cal. Sept. 26, 2013) (finding § 2403(b) not applicable where the state governmental parties were

10  "plentiful" and the amended complaint did not call into question any state statute); *see also*

11  *Fordyce v. City of Seattle*, 55 F.3d 436, 442 (9th Cir. 1995) (finding the district court erred by

12  failing to certify a constitutional question to the state attorney general under § 2403(b) when "no

13  representative of the State of Washington was a party to the action").

14  **III.    Conclusion**

15      In conclusion, the Court finds Plaintiff has not shown certification to the Attorney

16  General of the State of Washington is appropriate in this case. Accordingly, Plaintiff's Motion to

17  Certify (Dkt. 22) is denied.

18      Dated this 21st day of August, 2020.

19

20                                              David W. Christel

21                                              United States Magistrate Judge

22

23

24