UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY GENE PHILLIPS, <br><br> Plaintiff, <br><br> v. <br><br> TIM SMALLS, et al., <br><br> Defendant. | CASE NO. 3:20-CV-5047-RJB-DWC <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: July 30, 2021 |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court is defendants' motion for summary judgment. Dkt. 49.

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 alleging he has been confined past his release date in violation of his Eighth and Fourteenth Amendment rights and defendant Phillip Kuhlman, a Community Custody Officer, used excessive force against him. Dkt. 47. Defendants have moved for summary judgment, arguing plaintiff's excessive confinement claims are barred by collateral estoppel and by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), the confinement claims against

1 | certain defendants are barred by the statute of limitations and those against certain remaining
2 | defendants fail to state a claim. Dkt. 49 at 5–8. Defendants further argue plaintiff's excessive
3 | force claim fails because he has not exhausted his administrative remedies. *Id*. at 8–10.

4 | Because plaintiff's excessive confinement claim was already fully litigated in a Personal
5 | Restraint Petition ("PRP") before the Washington State Court of Appeals, the Court recommends
6 | defendants' motion for summary judgment on that claim be GRANTED. However, because
7 | plaintiff's excessive force claim does not arise out of prison conditions, the Court finds the
8 | exhaustion requirement does not apply; accordingly, the Court recommends defendants' motion
9 | for summary judgment dismissing plaintiff's excessive force claim against defendant Kuhlman
10 | be DENIED.

11 | **I. BACKGROUND AND PROCEDURAL HISTORY**

12 | Plaintiff, who is currently confined at the Idaho State Corrections Center on charges
13 | apparently unrelated to this matter, alleges he was held past his release date by the Washington
14 | Department Corrections ("DOC") and his Community Custody Officer used excessive force
15 | against plaintiff during an encounter at the Cowlitz County Jail. Dkt. 47.[1]

16 | **A.   Plaintiff's Confinement**

17 | Plaintiff's excessive confinement claim arises out of his 2009 felony DUI conviction in
18 | Cowlitz County No. 09-1-01351-6 (the "Cowlitz County matter"). The parties do not dispute the
19 | underlying facts of plaintiff's conviction and sentence, or a separate 2007 conviction and

---

[1] Plaintiff's Third Amended Complaint was signed under penalty of perjury. Dkt. 47 at 29. Therefore, the complaint's allegations are considered as evidence in opposition to summary judgment, to the extent they are based on personal knowledge and set forth facts that would be admissible in evidence. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). Plaintiff has also submitted a Declaration and exhibits in opposition to defendants' motion for summary judgment. Dkt. 59.

REPORT AND RECOMMENDATION - 2

sentence in Ada County, Idaho No. AF-H0601294 (the "Idaho matter"), and rely upon the same principal documents—namely the judgments in the Cowlitz County and Idaho matters and DOC's "OMNI" legal face sheet and chronology pages reflecting the time served by plaintiff. Dkt. 47-1 at 4–19, 25–43, 46–47; Dkt. 59 at 9–13, 18–20, Dkt. 50-1 at 89–103, 105–123, 125–128, 130–131, 144–143.

On January 11, 2007, plaintiff was sentenced in the Idaho matter to an indeterminate sentence of three years with up to seven additional years in custody. Dkt. 50-1 at 125–128. Plaintiff served his confinement term and in November 2009 his community supervision was transferred to Washington. *Id*. at 130–31. On December 29, 2009, plaintiff was arrested in Washington for DUI and driving with a suspended license—the offenses underlying the Cowlitz County matter. *Id*. at 130–31. Plaintiff was sanctioned 120 days for violating the terms of his Idaho supervision, and he began serving that time on December 29, 2009. *Id*. at 141.

Plaintiff was sentenced in the Cowlitz County matter on February 16, 2010 to 60 months, inclusive of 12 months of community custody. *Id*. at 89–103.[2] Plaintiff served this confinement term from April 7, 2010 to May 7, 2013. *Id*. at 114, 116. He was released to an Idaho detainer on May 7, 2013 and began serving time in Idaho; his Washington community custody time was "tolled" during that period. *Id*. at 145 (entry dated 5/09/2013). Plaintiff was arrested in Idaho on new charges on August 11, 2014 and remained in custody there until September 19, 2017; his Washington time was also tolled during this period of his Idaho confinement. *Id*. at 145 (entry dated 8/13/14), 144 (entry dated 9/19/17). On April 23, 2018,

---

[2] Plaintiff was also given a concurrent sentence of 365 days (of which 275 days were suspended) and 24 months of community supervision for the related misdemeanor count of driving with a suspended license. Dkt. 50-1 at 98.

REPORT AND RECOMMENDATION - 3

1 plaintiff's Cowlitz County matter community supervision was revoked after a violation hearing
2 and he returned to confinement to serve his remaining sentence until its maximum expiration
3 date of March 24, 2019. *Id*. at 105.

4     Plaintiff was released from DOC supervision on March 24, 2019. Dkt. 50-1 at 1; Dkt. 47
5 at 21. Plaintiff is currently confined in Idaho; the record does not reflect the charges upon which
6 his current confinement is based.

7     Plaintiff claims he should have been released from all confinement or supervision arising
8 out of the Cowlitz County matter in 2014, because his Washington time was to run concurrently
9 to time served on the Idaho mater. Dkt. 47 at 22. Plaintiff raised this argument in correspondence
10 and at hearings within DOC and was denied relief because DOC found plaintiff's community
11 custody time had been correctly tolled. Dkt. 47-1 at 60–61. Plaintiff raised the same argument in
12 a PRP in the Washington State Court of Appeals, Division II ("Court of Appeals"). *Id*. at 2–39.
13 As plaintiff's briefing in that matter makes clear, the disputed time arises from three periods
14 during which plaintiff's Cowlitz County matter time was tolled by DOC: from May 7 to
15 September 30, 2013 while plaintiff was detained in Idaho; from April 16, 2014 to August 11,
16 2014 when plaintiff was on "failure to report" status, and from August 11, 2014 to September 27,
17 2017 when plaintiff was again serving time in Idaho. Dkt. 50-1 at 28, 30, 32. The Court of
18 Appeals held that "the Department properly tolled [plaintiff's] community custody under RCW
19 9.94A.171(2) and (3)" for each of those periods. *Id*. at 162. Plaintiff sought discretionary review
20 from the Washington Supreme Court, which was denied. *Id*. at 165–167.

21 **B.   Alleged Excessive Force**

22     Plaintiff also brings a claim for excessive force against defendant Phillip Kuhlman. Dkt.
23 47 at 24–26. Plaintiff alleges that while plaintiff was in pre-hearing detention at the Cowlitz
24 County Jail, Kuhlman, who was plaintiff's Community Custody Officer, came to the jail to serve

REPORT AND RECOMMENDATION - 4

1   documents. *Id*. at 25. Plaintiff contends that after a disagreement, Kuhlman "slamm[ed]" plaintiff
2   backward against a wall and into a chair. *Id*.

3   Defendants filed their motion for summary judgment, together with the Declarations of
4   John C. Dittman and Carol Smith and a *Rand* notice, on March 3, 2021. Dkts. 49, 50, 51, 52.
5   After receiving two extensions of time, plaintiff filed a response, together with his Declaration.
6   Dkts. 58, 59. Defendants have replied. Dkt. 60.

## II. STANDARD OF REVIEW

8   Summary judgment is proper only if the pleadings, discovery, and disclosure materials on
9   file, and any affidavits, show there is no genuine dispute as to any material fact and the movant is
10  entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to
11  judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an
12  essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*
13  *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Mere disagreement or bald assertion stating a
14  genuine issue of material fact exists does not preclude summary judgment. *California*
15  *Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.
16  1987). Allegations based merely on the plaintiff's belief are insufficient to oppose summary
17  judgment, as are unsupported conjecture and conclusory statements. *See Hernandez v. Spacelabs*
18  *Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). There is no genuine issue of fact for trial where
19  the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving
20  party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving
21  party must present specific, significant probative evidence, not simply "some metaphysical
22  doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists
23  if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to

resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## III. DISCUSSION

**A.    Status of Defendant Kathy Cavanagh**

The Court must first address whether it has jurisdiction over all of the moving defendants. All but one of the defendants have filed waivers of service, and the Court has jurisdiction to decide their summary judgment motion. Dkts. 20, 21, 24, 25, 26, 27. However, defendant defendant Kathy Cavanagh did not file a waiver of service and the docket does not reflect that she has otherwise been served with process. Defense counsel's initial Notices of Appearance, and defendants' Answer to the original complaint, did not include defendant Cavanagh. Dkts. 19, 23, 30. However, counsel's most recent Notice of Appearance, and defendants' Answer to plaintiff's Third Amended Complaint, are filed on behalf of defendant Cavanagh together with the remaining defendants. Dkts. 42, 48. In addition, defendant Cavanagh expressly requests dismissal in defendants' motion for summary judgment. Dkt. 49 at 8.

If defendant Cavanagh has not waived service in this case and remains unserved, the Court lacks jurisdiction to grant summary judgment dismissing the claims against her with prejudice. *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013). However, it appears defendant Cavanagh, by filing an Answer that fails to preserve the defense of lack of service, failing to bring a motion advancing the defense, and bringing a summary judgment motion invoking the Court's jurisdiction, has waived any defense related to the adequacy of service. Fed. R. Civ. P. 12(h)(1)(B); *Morgan v. Prince George's Cty., Md.*, No. CIV.A AW-09-1584, 2010 WL 2891700, at *12 (D. Md. July 20, 2010) (finding defendants waived defense of insufficient service of process by filing a motion for summary judgment). Nonetheless, so the record is clear,

REPORT AND RECOMMENDATION - 6

the Court requests that defendant Cavanagh file a document either confirming she has waived service of process in this matter, or stating she has not, by **July 26, 2021**.

**B.     Confinement Past Release Date**

Plaintiff contends defendants Smalls, Johnson, Rideaux, Cavanagh, Blatman-Byers, and Pijaszek participated in actions leading to his confinement past his release date. Defendants argue, among other grounds, that plaintiff's claim is barred by collateral estoppel.

       1.     <u>Elements of Collateral Estoppel</u>

The doctrine of collateral estoppel precludes relitigation of an issue after the party estopped has had a full and fair opportunity to present his case. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 561 (1993). It is well-settled collateral estoppel applies in the context of a § 1983 claim. *See Allen v. McCurry*, 449 U.S. 90, 104 (1980). *Allen* made it "clear that issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal §1983 suit as they enjoy in the courts of the State where the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). State law governs the application of collateral estoppel in a federal civil rights action. *Allen*, 449 U.S. at 96; *Wige v. City of Los Angeles*, 713 F.3d 1183, 1185 (9th Cir. 2013); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).

Under Washington law, "[t]he doctrine [of collateral estoppel] may be applied in a civil action in which a party seeks to retry issues resolved against a defendant in a previous criminal case, as well as in a civil rights action in which issues raised are the same as those determined in a criminal case." *Hanson*, 121 Wn.2d at 561–62. The party asserting the defense must establish (1) the issue decided in the prior adjudication is identical to the one presented in the second action; (2) the prior adjudication ended in a final judgment on the merits; (3) the party against

whom the doctrine is asserted was a party or in privity with a party to the prior adjudication; and (4) application of the doctrine does not work an injustice. *Id.* at 562.

   2.  <u>Application of Collateral Estoppel Test</u>

  Here, plaintiff contested and received a full adjudication of his excessive confinement claims in the PRP he brought before the Court of Appeals. All four elements of the legal standard weigh in favor of collateral estoppel.

  First, plaintiff raised identical issues in the PRP proceeding. Dkt. 50-1 at 3–19. His petition recites the same facts, attaches the same documents, and makes the same claim that plaintiff was excessively detained due to DOC's incorrect calculations of his time served. *Id*. As in this case, plaintiff asserted DOC's alleged improper tolling of his community custody time violated his Eighth and Fourteenth Amendment rights, including allegations that DOC personnel were deliberately indifferent to his rights. *Compare* Dkt. 50-1 at 5–6, 38 *with* Dkt. 47 at 9. Plaintiff recited the same background facts regarding his Cowlitz County and Idaho convictions and his disputes with DOC personnel regarding the calculation of his time served. *Compare* Dkt. 50-1 at 7– 15 *with* Dkt. 47 at 10–21. Plaintiff relies in this case on the documents submitted to the Court of Appeals during his PRP proceeding. *Compare* Dkt. 47-1 at 4–19, 25–43, 46-47; Dkt. 59 at 9–13, 18–20, *with* Dkt. 50-1 at 89–103, 105–123, 125–128, 130–131, 144–143. The Court of Appeals rejected plaintiff's claim that he had been excessively detained, holding "the Department properly tolled [plaintiff's] community custody . . . for those periods when he was confined on other causes . . . and when he was on absconded status." Dkt. 50-1 at 162. This holding directly addresses plaintiff's claim here—which contends DOC held him beyond his release date by improperly applying tolling rules instead of treating the Cowlitz County matter time as running concurrently with the time he was serving in Idaho. Dkt. 47 at 9, 18–19, 22.

Plaintiff's response concedes his claims in this case arise out of "the same set of operative facts," but asserts the Court of Appeals' decision was "a clear error." Dkt. 58 at 16. But plaintiff had the opportunity to present this argument to the Washington Supreme Court, which denied review. Dkt. 50-1 at 165–166. More fundamentally, plaintiff's disagreement with the Court of Appeals' resolution of his claims does not alter the preclusive effect of its decision or permit plaintiff to relitigate the same claims in a different forum. *See Weaver v. City of Everett*, 194 Wash. 2d 464, 473 (2019) (collateral estoppel is "intended to curtail multiplicity of actions, prevent harassment in the courts, and promote judicial economy" with a goal of judicial finality). Plaintiff raised claims in the Court of Appeals identical to those he seeks to assert here; the first element of collateral estoppel is therefore met.

Second, the PRP ended in a final, binding determination. The Court of Appeals entered an order dismissing plaintiff's petition. Dkt. 50-1 at 161–162. Plaintiff sought review by the Washington Supreme Court, which issued a Ruling Denying Review. *Id.* at 165–166.

Third, plaintiff was the petitioner in his PRP proceeding.

Fourth, application of the doctrine of collateral estoppel does not work an injustice. Plaintiff had a full opportunity to bring his claims before both the Court of Appeals and the Washington Supreme Court, and had sufficient motivation in that proceeding to engage in a "full and vigorous litigation of the issue." *Weaver*, 194 Wn.2d at 474.

Plaintiff has had a full opportunity to present his claim, and it has been rejected by both Washington's Court of Appeals and its Supreme Court. His claim is precluded by the doctrine of collateral estoppel. *See Perez v. Slayton*, 139 F.3d 907 (9th Cir. 1998) (plaintiff's §1983 claim barred by collateral estoppel from his prior state habeas petition raising the same claims).

Because dismissal of plaintiff's Count I is warranted on this ground, the Court need not reach the other grounds discussed in defendants' motion.

The Court recommends defendants' motion be GRANTED and plaintiff's Count I be DISMISSED with prejudice.

**C. Excessive Force Claim**

Defendants argue plaintiff's excessive force claim should be dismissed because plaintiff failed to exhaust his administrative remedies by filing a grievance against defendant Kuhlman pursuant to the Department of Corrections ("DOC") grievance policy. Dkt. 49 at 8–11. Plaintiff argues the DOC grievance policy was not available to him because the alleged assault occurred while plaintiff was confined at the Cowlitz County Jail. Dkt. 58 at 30.

The exhaustion requirement is imposed by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), which provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). All "available" remedies must be exhausted. *Id.* Exhaustion must be proper, meaning the prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92–95 (2006). Plaintiffs must not only file an appeal and exhaust all administrative appeals, but also must do so in a timely manner. *Id.* at 94. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Defendants bear the initial burden of showing there was an available administrative remedy and plaintiff did not exhaust that remedy. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014). If that showing is made, the burden shifts to plaintiff, who must either

demonstrate he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172; *see also Ross v. Blake,* 136 S. Ct. 1850, 1859–60 (2016) (setting forth examples of when administrative remedies would be unavailable).

Defendants have not met their burden. As a threshold matter, defendants have not addressed the applicability of the exhaustion requirement in the first place. By its terms, the PLRA applies only to an "*action . . . brought with respect to prison conditions*." 42 U.S.C. §1997e(a). *See, e.g., Porter v. Nussle,* 534 U.S. 516, 532 (2002) (holding the exhaustion requirement of §1997e(a) "applies to all inmate suits about prison life"). Plaintiff alleges he was assaulted by defendant Kuhlman, a Community Custody Officer ("CCO") supervising the terms of plaintiff's community custody after his release from DOC confinement, during a visit while plaintiff was detained at the Cowlitz County Jail. Dkt. 47 at 24–25. Plaintiff does not allege any wrongdoing by jail employees or that jail conditions were unsafe or played any role in the alleged assualt. Instead, plaintiff alleges CCO Kuhlman, while a visitor at the jail, used excessive force against him. Plaintiff's claim is solely against CCO Kuhlman and arises solely out of Kuhlman's conduct while a jail visitor and not out of the conditions of any jail or prison. Under these circumstances, the Court cannot find plaintiff's claim is "brought with respect to prison conditions." *See*, *e.g. Johnson v. Erickson*, No. CIV 08-1126 JH/LFG, 2009 WL 10706933, at *5 (D.N.M. Aug. 31, 2009), *report and recommendation adopted,* No. CIV 08-1126 JH/LFG, 2009 WL 10706932 (D.N.M. Oct. 8, 2009) (where plaintiff's claims against her parole officer did not complain about conditions of confinement, the PLRA did not require exhaustion of her claims).

Furthermore, defendants have not established the DOC grievance policy was applicable or "available" to plaintiff. Defendants have not cited to language in the DOC grievance policy indicating it is applicable under the circumstances presented here—where a CCO is alleged to have violated the rights of an offender at County jail facility. In addition, plaintiff asserts the incident occurred during the course of his two-month detention in the Cowlitz County Jail, where he had no access to DOC grievance program materials. Dkt. 58 at 30. Plaintiff has submitted a declaration stating he made "multiple" requests for access to DOC grievance program materials while housed at the jail and no materials were made available to him. Dkt. 59 at ¶4. Defendants have neither responded to this evidence, nor even acknowledged it in their reply. Dkt. 60. Defendants have not established the DOC grievance process was available to plaintiff while he was detained at the Cowlitz County Jail.

Because plaintiff's claim against defendant Kuhlman does not arise out of prison conditions, the PLRA's exhaustion requirement is inapplicable. Furthermore, defendants have failed to meet their burden to establish, as a matter of undisputed fact, that the DOC grievance program was applicable and available to plaintiff. The Court therefore recommends defendants' motion for summary judgment dismissing plaintiff's claim against defendant Kuhlman for failure to exhaust be DENIED. Defendants have raised no additional grounds for the dismissal of this claim; accordingly, the Court recommends Count II proceed against defendant Kuhlman.

## IV. CONCLUSION

For the above stated reasons, the Court recommends defendants' Motion for Summary Judgment (Dkt. 49) be GRANTED in part and DENIED in part. The Court recommends defendants' motion be GRANTED with respect to Count I and plaintiff's claims DISMISSED with

prejudice.[3] The court further recommends defendants' motion be DENIED as to Count II, which should proceed against defendant Phillip Kuhlman.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 30, 2021, as noted in the caption.

Dated this 12th day of July, 2021.

_____
David W. Christel
United States Magistrate Judge

---

[3] If defendant Cavanagh does not confirm she has waived service of process, the claim should not be dismissed as to defendant Cavanagh, and plaintiff should be required to show cause why the claim against her should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to complete service of process within 90 days of filing the Third Amended Complaint.